IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 9 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

DERRICK MITCHELL, JR.,
TDCJ No. 02036740,

　　　　Plaintiff,

v.

BOBBY LUMPKIN, (replacing
UNKNOWN DEFENDANT),

　　　　Defendant.

2:20-CV-148-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint against the above-referenced Defendant filed June 2, 2020 (ECF No. 4) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. As an initial matter, having considered Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5), the Application is **GRANTED**. On November 11, 2022, the Court issued an order instructing Plaintiff to inform the Court of his intent to proceed. *See* ECF No. 6. Defendant untimely filed a response (ECF No. 7) requesting that Bobby Lumpkin be substituted as the Defendant for the "Unknown Defendant" in this case. The Court waives the response's untimeliness and Plaintiff's request is **GRANTED**. The Clerk shall **CONFORM** the docket to reflect the above-styled Defendant. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Complaint alleges that he should not be required to perform a physical work

assignment as part of his incarceration, and that it is an Eighth Amendment constitutional violation for him to receive disciplinary cases for refusing a work assignment. ECF No. 4 at 4–6. Plaintiff asserts that he has received disciplinary cases for refusing work assignments, that these assignments are not safe for him to perform, and the assignments constitute secondary punishment not allowed under his sentence of conviction. *See id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A plaintiff must suffer a personal constitutional violation at the hands of the defendants to have standing and redressability under Section 1983. *See Grandstaff v. City of Borger*, 767 F.2d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

161, 172 (5th Cir. 1987); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Here, Plaintiff

has failed to articulate sufficient facts to support a constitutional violation. "Prison inmates can be

required to work." *Mendoza v. Lynaugh*, 989 F.2d 191, 194 n.4 (5th Cir. 1993). Although a work

detail known by prison officials that presents a risk of exacerbating a serious physical ailment may

constitute deliberate indifference, *id.* at 194, that is not a claim presented to the Court. Rather,

Plaintiff opposes his current job assignment "or any job assignment" because his "confinement

order which sentenced [him] to time did not have any extra stipulations to [his] confinement order,

such as labor." ECF No. 4 at 6–7. His opposition is essentially global — "I have never signed up

for a job change nor do I wish to participate in work time for exchange for my labor," "nor will I

enter into an agreement to do so." *Id.* at 13–14. Accordingly, the fact that Plaintiff was required to

work does not alone raise a constitutional claim. *See Mendoza*, 989 F.2d at 195. Furthermore,

prison officials also did not violate his constitutional rights by disciplining him for refusing to

work. *See id.* at 194 (dismissing challenges to discipline as frivolous); *Plaisance v. Phelps*, 845

F.2d 107, 108 (5th Cir. 1988) ("There is no federally protected right of a state prisoner not to work

while imprisoned after conviction."). Thus, Plaintiff's Complaint is frivolous, and his Complaint

is **DISMISSED**.

**SO ORDERED.**

July __9__, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3